**BRANDEIS MACHINERY & SUPPLY CORPORATION, Plaintiff,**

v.

**Scott CAMPBELL et al., Defendants.**

**No. 79 C 1511.**

United States District Court,
N. D. Illinois, E. D.

Sept. 15, 1980.

---

Edgar A. Blumenfeld, Chicago, Ill. for defendants Campbell and Green.

Leon E. Lindenbaum, Walsh, Case, Coale, Brown & Burke, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Brandeis Machinery & Supply Corporation ("Brandeis") sues a number of defendants for non–payment of a note executed by defendant Casine Limited Partnership ("Casine") and for failure to pay for goods sold to Casine by Brandeis. Defendant Charles Roberts ("Roberts") is sued on the theory that Casine was not in fact a limited partnership[1] and that the defendants (including Roberts) who were designated as limited partners were instead general partners, jointly and severally liable for Casine's partnership obligations. In turn Roberts has cross–claimed against defendants Scott Campbell ("Campbell") and Robert Green ("Green"), the acknowledged general partners of Casine, seeking to void the sale of the partnership interest to Roberts because of their alleged violation of the Illinois Securities Law of 1953, Ill.Rev.Stat. ch. 121½, §§ 137.1 ff. Campbell and Green have moved to dismiss Roberts' cross–claim. For the reason stated in this memorandum opinion and order, that motion is granted.

Each party seeks to rely on Fed.R.Civ.P. 13(g):

A pleading may state as a cross–claim any claim by one party against a co–party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross–claim may include a claim that the party against whom it is asserted is or may be liable to the cross–claimant for all or part of a claim asserted in the action against the cross–claimant.

There is no doubt that the complaint and the cross–claim have a common element: Each involves a determination whether Casine was a validly–formed limited partnership.[2] What is at issue here is whether that

---

1. From the Exhibits to Roberts' cross–claim it appears that the attorney retained to form Casine had failed to record the certificate of limited partnership required under the Illinois Limited Partnership Act. Under partnership law a defectively organized limited partnership may expose those who intended to be limited partners to general partnership liability.

2. As already indicated, Brandeis' claim against Roberts is sustainable only if he is a *general* rather than a *limited* partner. Roberts' claim against Campbell and Green is based on the latters' non–registration, and failure to file a statutory report of sale, of the partnership interests in Casine–a claim that would be valid

linkage is sufficient to meet the standards of Rule 13(g).

Each party cites cases that express themselves only in general terms as to the principles underlying the Rule. Neither has adduced any authority that really speaks to the issues presented here. We are therefore forced to try to apply reason rather than authority to the problem.

This Court finds the Campbell–Green position more persuasive for two reasons:

1. If we give "transaction" or "occurrence" the normal meaning of those terms in the context of the Amended Complaint, each refers to the notes or the sale of goods on which Brandeis sues. *They* are the "subject matter of the original action." Although a successful suit against Roberts and his colleagues arising out of those transactions—those occurrences—that subject matter—requires proof that Casine was not a valid limited partnership, that fact does not make the formation of the limited partnership itself the "transaction or occurrence that is the subject matter . . . of the original action."

2. Even giving the terms a broader meaning "to avoid circuity of action" does not save the cross–claim. This is not the classic third party action in which a defendant urges that if he is liable to the plaintiff the third–party defendant is liable to him, so that judicial economy requires that all the parties' rights be adjudicated in the same action.[3]

Instead the proposed cross–claim presents a situation in which if Roberts *is* liable to Brandeis (on grounds that he was really a *general* partner in law), the cross–defendants are *not* liable to Roberts (because a general partnership is not a security).

Accordingly the cross–claim of defendant Charles Roberts against Scott Campbell and

only if Roberts is a *limited* rather than a *general* partner.

3. Such would be the case if Roberts claimed that if Brandeis is *correct* in the theory of its claim against Roberts, then Campbell and

Robert Green is dismissed. Because such dismissal is on the pleadings, it is of course without prejudice to Roberts' assertion of the claim in some other appropriate forum.

Green must bear the liability rather than Roberts—for example, because they were negligent in not creating a valid limited partnership, or because they violated securities laws in failing to disclose the invalidity.